IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES ROGERS, Jr., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 24-2589-TC-BGS |
| | ) |
| KEURIG DR PEPPER THE AMERICAN BOTTLING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER ON *IN FORMA PAUPERIS* APPLICATION
AND ORDER TO SHOW CAUSE**

In conjunction with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit. (Docs. 4, 4-1, sealed.) This motion was granted by the undersigned Magistrate Judge on December 20, 2024. (Doc. 5.)

In conjunction with that Order, the Court also issued an Order to Show Cause directing Plaintiff to file an amended Complaint or show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that his claims be dismissed for failure to state a viable federal cause of action and/or because Plaintiff has failed to exhaust his administrative remedies. (Doc. 6.)

Plaintiff was given a deadline of thirty (30) days from of the receipt of that Show Cause Order to submit his response. (*Id.*) The Show Cause Order was apparently mailed twice via certified mail on December 20, 2024, to the address provided by Plaintiff in his *pro se* filing. On January 23, 2025, and January 17, 2025, the certified mailings were returned to the Court as "unclaimed"/"unable to forward." (Docs. 7, 8.) Pursuant to D. Kan. Rule 5.1(b), *pro se* parties have a duty to update their contact information with the Court: "Each … pro se party must notify the

1

clerk of any change of address or telephone number." Thus, the Court has executed its responsibility to send the Show Cause Order via certified mail to the address Plaintiff has on-file with the Court.

That stated, in an abundance of caution, the Court is re-issuing the Show Cause Order and will send it to Plaintiff's address on file via regular U.S. mail. Plaintiff must **file an Amended Complaint or show cause in writing** why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's Complaint (Doc. 1) be DISMISSED. Plaintiff's filing must address the deficiencies enumerated below. **Plaintiff must do so within thirty (30) days of the receipt of this Order**.

### Sufficiency of Complaint and Order to Show Cause

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). Pursuant to that section, a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face. *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to

Dismiss. *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006). The Court will also liberally construe the pleadings of a *pro se* plaintiff. *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff. *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972). Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d at 1260 (citing *Twombly*, 127 S.Ct. at 1974). Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." *Bemis*, 500 F.3d at 1218 (citing *Twombly*, 127 S.Ct. at 1965).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. "Conclusory statements unsupported by factual allegations are insufficient to state a claim,

3

even for a *pro se* plaintiff." *Olson v. Carmack*, 641 Fed.Appx. 822, 825 (10th Cir. 2016). "This is so because a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury … ." *Hall*, 935 F.2d at 1110.

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. *Monroe v. Owens*, 38 Fed. Appx. 510, 515 (10th Cir. 2002) (citation omitted). Rule 8(a) requires three minimal pieces of information to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed. R. Civ. P. 8(a). After reviewing a plaintiff's Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

In his Complaint, which Plaintiff drafted himself rather than using the District's form Complaint, Plaintiff alleges that he was the subject of employment discrimination (the basis for which the Court surmises was either Plaintiff's stated race or alleged disability), culminating in the termination of his employment on May 24, 2023. (*See generally* Doc. 1.) Plaintiff's lawsuit was filed on December 19, 2024. (*Id.*) Plaintiff's Complaint, however, makes no reference to whether he has exhausted his administrative remedies as is required prior to filing a lawsuit alleging employment discrimination. The only reference to the EEOC or KHRC is Plaintiff's indication that he has "contact information" for certain individuals "if the EEOC would like to speak with them." (Doc. 1, at 3.)

It is well-established in this District that prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights

4

Commission and receiving a right-to-sue letter based on that charge.[1] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018). In Kansas, a plaintiff must file an administrative charge within 300 days of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Johnson v. Cherokee County Board of County Commissioners*, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan. March 20, 2020) (citation omitted). As noted above, the last event of which Plaintiff complains (his termination) occurred some 19 months ago, well beyond the 300 day deadline.[2]

Even so, "the filing of an EEOC charge [as] a jurisdictional prerequisite to suit is no longer correct." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018); *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). In other words, the failure to file an administrative charge of discrimination is no longer fatal to bringing an employment discrimination lawsuit in federal court. Rather, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln*, 900 F.3d at 1185. In other words, even though it appears that Plaintiff has not filed an administrative charge of discrimination against Defendant, the District Court still has jurisdiction over Plaintiff's claims.

Thus, Plaintiff's claims against the Defendant are likely to be dismissed as futile once Defendant raises the defense, in a motion to dismiss, that Plaintiff failed to file an administrative charge of discrimination against her. *See Espinoza v. Norma*, No. 23-1256-JWB-BGS, 2023 WL 8376278, at *3 (D. Kan. Dec. 4, 2023) and *Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at *2 (D. Kan. Dec. 9, 2019). Plaintiff's potential claims are subject to dismissal for failure to exhaust administrative remedies absent Plaintiff establishing waiver, estoppel, and/or

---

[1] The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b).

[2] It is possible, however, that Plaintiff filed a timely charge of discrimination and received a right-to-sue letter from the filing agency, but merely failed to mention this in his Complaint.

5

equitable tolling of the deadline to file an administrative charge against Defendant. *Ayesh*, 2019 WL 6700337, at *2, at n.10. *See also Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted). Nothing in Plaintiff's Complaint (Doc. 1) or the motion he has filed (Doc. 4) would establish the applicability of any of these circumstances as to his proposed claims against Defendant.

Under these circumstances, the undersigned finds that Plaintiff has, most likely, failed to exhaust his administrative remedies by filing a charge of discrimination with the EEOC or KHRC and receiving a right-to-sue letter. The undersigned Magistrate Judge therefore directs Plaintiff to either **show cause in writing** or file an Amended Complaint **within thirty (30) days of the receipt of this Order** to address the deficiencies enumerated herein. Thereafter, the undersigned Magistrate Judge will review Plaintiff's supplemental filing to determine whether to **recommend** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for failure to exhaust his administrative remedies pursuant to federal law.

IT IS THEREFORE ORDERED that Plaintiff's motion for IFP status (Doc. 4) is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff **show cause in writing** why the undersigned Magistrate Judge should not **recommend** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** or file an Amended Complaint to address the deficiencies enumerated herein. Plaintiff must do so **within thirty (30) days of the receipt of this Order**.

IT IS THEREFORE ORDERED that a copy of this Order shall be sent to Plaintiff via regular U.S. mail.

IT IS FURTHER ORDERED that the Clerk <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS SO ORDERED**.

7

Dated at Wichita, Kansas, on this 31st day of March, 2025.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge