IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES ROGERS, Jr., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-2589-TC-BGS |
| KEURIG DR PEPPER THE AMERICAN BOTTLING COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## REPORT & RECOMMENDATION OF DISMISSAL

Contemporaneously with his Complaint, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("*In forma Pauperis* ('IFP') application") with a supporting financial affidavit. (Docs. 4, 4-1, sealed.) That motion was granted by the undersigned Magistrate Judge on December 20, 2024. (Doc. 5.)

In conjunction with that Order, the Court also issued an Order to Show Cause directing Plaintiff to file an amended Complaint or show cause as to why the undersigned Magistrate Judge should not recommend to the District Court that his claims be dismissed for failure to state a viable federal cause of action and/or because Plaintiff has failed to exhaust his administrative remedies. (Doc. 6.)

Plaintiff was given a deadline of thirty (30) days from of the receipt of that Show Cause Order to submit his response. (*Id.*) The Show Cause Order was apparently mailed twice via certified mail on December 20, 2024, to the address provided by Plaintiff in his *pro se* filing. On January 17, 2025, and January 23, 2025, the certified mailings were returned to the Court as "unclaimed"/"unable to forward." (Docs. 7, 8.) Pursuant to D. Kan. Rule 5.1(b), *pro se* parties have a duty to update their contact information with the Court: "Each … pro se party must notify the

1

clerk of any change of address or telephone number." Thus, the Court executed its responsibility to send the Show Cause Order via certified mail to the address Plaintiff has on-file with the Court.

In an abundance of caution, however, the undersigned Magistrate Judge reissued the Show Cause Order on March 31, 2025, and sent it to Plaintiff's address on file with the Court via regular U.S. mail. (Doc. 9.) Therein, Plaintiff was ordered to file an Amended Complaint or show cause in writing why the undersigned should not recommend to the District Court that Plaintiff's Complaint (Doc. 1) be dismissed in the context of the various deficiencies enumerated in that Order. (*See generally* Doc. 9.)

Plaintiff was given a 30 day deadline to respond from the receipt of the Order. That deadline would have expired but for the fact that the regular U.S. mailing to Plaintiff has also been returned to the Court marked "Return to Sender/No Such Number/Unable to Forward." The mailing was sent to the address Plaintiff has provided to the District Court. Plaintiff has not updated his address nor has he filed anything in this case since the case was initiated on December 19, 2024.

As mentioned above, District of Kansas Local Rule 5.1(b)(3) requires a *pro se* party to "notify the clerk in writing of any change of address." D. Kan. R. 5.1(c)(3); *see also Collinge v. Bellendir*, No. 24-3096-JWL, 2024 3989089, n.2 (D. Kan. Aug. 29, 2024). Simply stated, under this Rule, "it is Plaintiff's obligation to keep his contact information current." *Hulett v. Johnson Co. Sheriff's Office*, No. 22-4065-DDC-BGS, 23-1023-EFM-KGG, 2023 WL 6390481, *1 (D. Kan. Oct. 2, 2023).

Pursuant to Federal Rule of Civil Procedure 41(b), a District Court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure ... to comply with the ... court's orders"). Because of Plaintiff's failure to comply with this Court's orders

and local rule, the undersigned Magistrate **recommends** to the District Court that this matter be **DISMISSED** under Rule 41(b).

The Court also **recommends** to the District Court that this matter be **DISMISSED** for the substantive reasons discussed in the Order to Show Cause filed by the undersigned dated March 31, 2025. (Doc. 9.) The legal standards relating to this recommendation contained at pages 2-4 of that Order are incorporated herein by reference.

In that Show Cause Order, the Court noted that Plaintiff's Complaint, drafted *pro se*, alleges that he was the subject of employment discrimination (the basis for which the Court surmises was either Plaintiff's stated race or alleged disability), culminating in the termination of his employment on May 24, 2023. (*See generally* Doc. 1.) While the lawsuit was filed on December 19, 2024, it makes no reference to whether Plaintiff exhausted his administrative remedies as is required prior to filing a lawsuit alleging employment discrimination. The only reference to the EEOC or KHRC is Plaintiff's indication that he has "contact information" for certain individuals "if the EEOC would like to speak with them." (Doc. 1, at 3.)

It is well-established in this District that prior to filing a federal court employment discrimination lawsuit, a plaintiff must exhaust his or her administrative remedies by presenting the claims to the U.S. Equal Employment Opportunity Commission or the Kansas Human Rights Commission and receiving a right-to-sue letter based on that charge.[1] *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181, 1185 (10th Cir. 2018). In Kansas, a plaintiff must file an administrative charge within 300 days of the alleged discriminatory action. *See* 42 U.S.C. § 2000e-5(e)(1); *see also Johnson v. Cherokee County Board of County Commissioners*, No. 17-2644-JAR, 2020 WL 1320720, *8 (D. Kan.

---

[1] The charge "shall be in writing and signed and shall be verified," 29 C.F.R. § 1601.9, and must at a minimum identify the parties and "describe generally the action or practices complained of," 29 C.F.R. § 1601.12(b).

March 20, 2020) (citation omitted). As noted above, the last event of which Plaintiff complains (his termination) occurred some 19 months ago, well beyond the 300 day deadline.[2]

Even so, "the filing of an EEOC charge [as] a jurisdictional prerequisite to suit is no longer correct." *Lincoln v. BNSF Railway Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018); *see also Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). That stated, the failure to file an administrative charge of discrimination is no longer fatal to bringing an employment discrimination lawsuit in federal court. Rather, "a plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln*, 900 F.3d at 1185. In other words, even though it appears that Plaintiff has not filed an administrative charge of discrimination against Defendant, the District Court still has jurisdiction over Plaintiff's claims.

Thus, Plaintiff's claims against the Defendant are likely to be dismissed as futile once Defendant raises the defense, in a motion to dismiss, that Plaintiff failed to file an administrative charge of discrimination against her. *See Espinoza v. Norma*, No. 23-1256-JWB-BGS, 2023 WL 8376278, at *3 (D. Kan. Dec. 4, 2023) and *Ayesh v. Butler Co. Sheriff's Office*, No. 19-1183-EFM-KGG, 2019 WL 6700337, at *2 (D. Kan. Dec. 9, 2019). Plaintiff's potential claims are subject to dismissal for failure to exhaust administrative remedies absent Plaintiff establishing waiver, estoppel, and/or equitable tolling of the deadline to file an administrative charge against Defendant. *Ayesh*, 2019 WL 6700337, at *2, at n.10. *See also Payan v. United Parcel Serv.*, 905 F.3d 1162, 1169 (10th Cir. 2018) (citations omitted). Nothing in Plaintiff's Complaint (Doc. 1) or the motion he has filed (Doc. 4) would establish the applicability of any of these circumstances as to his proposed claims against Defendant.

---

[2] It is possible, however, that Plaintiff filed a timely charge of discrimination and received a right-to-sue letter from the filing agency, but merely failed to mention this in his Complaint.

4

Under these circumstances, the undersigned finds that Plaintiff has, most likely, failed to exhaust his administrative remedies by filing a charge of discrimination with the EEOC or KHRC and receiving a right-to-sue letter. The undersigned Magistrate Judge therefore **recommends** to the District Court that Plaintiff's claims be **DISMISSED** in their entirety for the substantive reason that he failed to exhaust his administrative remedies pursuant to federal law. (*See* Doc. 9, at 4-6.)

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy.[3] If Plaintiff fails to file objections within the fourteen-day period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court. *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO RECOMMENDED.**

Dated at Wichita, Kansas, on this 6th day of May, 2025.

/S/ BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[3] The Court notes that it has no choice but to mail this recommendation to Plaintiff at the address he has on file with the Court which is apparently deficient. Three prior mailings to that address have been returned as undeliverable, as stated above.

5